IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

| | | |
|---|---|---|
| VERNA D. BROWNING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:15-09146 |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

The Defendant, Carolyn W. Colvin, Commissioner of the Social Security Administration, by counsel, Stephen M. Horn, Assistant United States Attorney for the Southern District of West Virginia, has moved the Court to remand this case to the Commissioner pursuant to the provisions of sentence four of 42 U.S.C. § 405(g). (Document No. 15.) Counsel for the Defendant asserts that on remand, the Administrative Law Judge ("ALJ")

> will consider residual functional capacity pursuant to Acquiescence Ruling 00-1(4), and explain the weight given to the prior [ALJ's] finding by considering (1) whether the fact on which the prior finding was based is subject to change with the passage of time, such as a fact relating to the severity of Plaintiff's medical condition; (2) the likelihood of such a change, considering the length of time that has elapsed between the period previously adjudicated and the period being adjudicated in the subsequent claim; and (3) the extent that evidence not considered in the final decision on the prior claim provides a basis for making a different finding with respect to the period being adjudicated in the subsequent claim.

(Id. at ¶ 3.) Counsel for the Defendant asserts that counsel for Plaintiff has no objection to the Motion to Remand. (Id. at ¶ 4.)

Sentence four of 42 U.S.C. § 405(g) provides that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a

rehearing." The transcript has been filed in this case (Document No. 9.), and the Plaintiff has filed her Brief in Support of Judgment on the Pleadings. (Document No. 11.) Having the Plaintiff's Brief, the Defendant filed her Motion to Remand rather than a Motion for Judgment on the Pleadings. Apparently in view of the Plaintiff's allegations, the Defendant requests a remand for further action and analysis consistent with the applicable law and Regulations. The Commissioner is required under the Social Security Act to include an explanation of what evidence, or inferences drawn therefrom, were relied on in arriving at a decision. See Cook v. Heckler, 783 F.2d 1168, 1172 (4th Cir. 1986). The undersigned therefore finds the reasons stated by the parties for seeking a remand appropriate.

Accordingly, there being good cause for the Defendant's Motion for Remand and there being no objection, it is hereby respectfully **RECOMMENDED** that the District Court confirm and accept the foregoing findings, **GRANT** the Defendant's unopposed Motion to Remand (Document No. 15.), **REVERSE** or **VACATE** the decision of the Commissioner, and **REMAND** Plaintiff's case to the Commissioner pursuant to the fourth Sentence of 42 U.S.C. § 405(g) for further proceedings as outlined in the unopposed Motion.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (mailing/service) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made,

and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155, 106 S.Ct. 466, 475, 88 L.Ed.2d 435 (1985), reh'g denied, 474 U.S. 1111, 106 S.Ct. 899, 88 L.Ed.2d 933 (1986); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.), cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Johnston, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to send a copy of the same to counsel of record.

ENTER: December 23, 2015.

R. Clarke VanDervort
United States Magistrate Judge